# CV 19 - 2800

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13 2019 ★
BROOKLYN OFFICE

Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
(718) 263-9591

**DEARIE, J.**

**LEVY, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

EDGAR CHALE LEMACHE, JEISSON BENITEZ
SANCHEZ, JEXSAR RODAS MALDONADO, LUIS
ESPINOZA, DIEGO FAREZ, GEORGE GEBRON,
RUSTLER PANTALEON, RIGOBERTO GUALLPA, and
CARLOS ORTIZ, individually and on behalf of all others
similarly situated,

**COLLECTIVE ACTION
COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiffs,

-against-

PHOENIX SUTTON STR. INC., MICHAL SIWIEC and
PETER SIWIEC, as individuals,

Defendants.

-------------------------------------------------------------------X

Plaintiffs, **EDGAR CHALE LEMACHE, JEISSON BENITEZ SANCHEZ, JEXSAR RODAS
MALDONADO, LUIS ESPINOZA, DIEGO FAREZ, GEORGE GEBRON, RUSTLER
PANTALEON, RIGOBERTO GUALLPA, and CARLOS ORTIZ,** individually and on behalf
of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen
F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon
information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  Plaintiffs, **EDGAR CHALE LEMACHE, JEISSON BENITEZ SANCHEZ,
    JEXSAR RODAS MALDONADO, LUIS ESPINOZA, DIEGO FAREZ,
    GEORGE GEBRON, RUSTLER PANTALEON, RIGOBERTO GUALLPA, and
    CARLOS ORTIZ,** through undersigned counsel, bring this action against **PHOENIX**

**SUTTON STR. INC., MICHAL SIWIEC and PETER SIWIEC**, as individuals (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage laws arising out of Plaintiffs' employment at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

2. Plaintiff EDGAR CHALE LEMACHE was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

3. Plaintiff JEISSON BENITEZ SANCHEZ was employed by Defendants as a scaffolder, construction worker, and laborer while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

4. Plaintiff JEXSAR RODAS MALDONADO was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

5. Plaintiff LUIS ESPINOZA was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

6. Plaintiff DIEGO FAREZ was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

7. Plaintiff GEORGE GEBRON was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

8. Plaintiff RUSTLER PANTALEON was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at

PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

9. Plaintiff RIGOBERTO GUALLPA was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

10. Plaintiff CARLOS ORTIZ was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222.

11. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

13. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

14. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

16. Plaintiff, EDGAR CHALE LEMACHE, residing at 3435 106TH STREET, CORONA, NEW YORK 11368, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around November 2016 until in or around May 2018.

3

17. Plaintiff, JEISSON BENITEZ SANCHEZ, residing at 105 FLEMING AVENUE, APT 2, NEWARK, NEW JERSEY 07105, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2015 until in or around April 2017.

18. Plaintiff, JEXSAR RODAS MALDONADO, residing at 301 GROVE STREET, APT 3R, BROOKLYN, NEW YORK 11237, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around March 2015 until in or around February 2017.

19. Plaintiff, LUIS ESPINOZA, residing at 1249 59TH STREET, APT 5, BROOKLYN, NEW YORK 11219, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around November 2013 until in or around September 2017.

20. Plaintiff, DIEGO FAREZ, residing at 6342 FETCHETT STREET, REGO PARK, NEW YORK 11374, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2017 until in or around February 2018.

21. Plaintiff, GEORGE GEBRON, residing at 1513 76TH STREET, BROOKLYN, NEW YORK 11228, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2015 until in or around March 2017.

22. Plaintiff, RUSTLER PANTALEON, residing at 1468 77TH STREET, BROOKLYN, NEW YORK 11228, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around July 2015 until in or around October 2017.

23. Plaintiff, RIGOBERTO GUALLPA, residing at 437 BLEEKER STREET, APT 1L, BROOKLYN, NEW YORK 11237, was employed by Defendants at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around April 2010 until in or around August 2014.

24. Plaintiff, CARLOS ORTIZ, residing at 1200 SUTTER AVENUE, APT 2G, BROOKLYN, NEW YORK 11208, was employed by Defendants at PHOENIX

SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2013 until in or around March 2018.

25. Upon information and belief, Defendant, PHOENIX SUTTON STR. INC., is a corporation organized under the laws of New York with a principal executive office at 128 Sutton Street, Brooklyn, New York 11222.

26. Upon information and belief, Defendant, PHOENIX SUTTON STR. INC., is a corporation authorized to do business under the laws of New York.

27. Upon information and belief, Defendant MICHAL SIWIEC owns and/or operates PHOENIX SUTTON STR. INC.

28. Upon information and belief, Defendant MICHAL SIWIEC manages PHOENIX SUTTON STR. INC.

29. Upon information and belief, Defendant MICHAL SIWIEC is the Chief Executive Officer of PHOENIX SUTTON STR. INC.

30. Upon information and belief, Defendant MICHAL SIWIEC is an agent of PHOENIX SUTTON STR. INC.

31. Upon information and belief, Defendant MICHAL SIWIEC has power over personnel decisions at PHOENIX SUTTON STR. INC.

32. Upon information and belief, Defendant MICHAL SIWIEC has power over payroll decisions at PHOENIX SUTTON STR. INC.

33. Defendant MICHAL SIWIEC has the power to hire and fire employees at PHOENIX SUTTON STR. INC., establish and pay their wages, set their work schedule, and maintains their employment records.

34. During all relevant times herein, Defendant MICHAL SIWIEC was Plaintiffs' employer within the meaning of the FLSA and NYLL.

35. Upon information and belief, Defendant PETER SIWIEC owns and/or operates PHOENIX SUTTON STR. INC.

36. Upon information and belief, Defendant PETER SIWIEC manages PHOENIX SUTTON STR. INC.

37. Upon information and belief, Defendant PETER SIWIEC is the Chief Executive Officer of PHOENIX SUTTON STR. INC.

38. Upon information and belief, Defendant PETER SIWIEC is an agent of PHOENIX SUTTON STR. INC.

39. Upon information and belief, Defendant PETER SIWIEC has power over personnel decisions at PHOENIX SUTTON STR. INC.

40. Upon information and belief, Defendant PETER SIWIEC has power over payroll decisions at PHOENIX SUTTON STR. INC.

41. Defendant PETER SIWIEC has the power to hire and fire employees at PHOENIX SUTTON STR. INC., establish and pay their wages, set their work schedule, and maintains their employment records.

42. During all relevant times herein, Defendant PETER SIWIEC was Plaintiffs' employer within the meaning of the FLSA and NYLL.

43. Upon information and belief, PHOENIX SUTTON STR. INC.  is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

44. Plaintiff EDGAR CHALE LEMACHE was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around November 2016 until in or around May 2018.

45. Plaintiff EDGAR CHALE LEMACHE was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around November 2016 until in or around May 2018.

46. Plaintiff EDGAR CHALE LEMACHE worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around November 2016 until in or around May 2018.

47. Plaintiff EDGAR CHALE LEMACHE was paid by Defendants approximately $1,400.00 per week from in or around November 2016 until in or around May 2018.

48. Although Plaintiff EDGAR CHALE LEMACHE worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

49. Plaintiff JEISSON BENITEZ SANCHEZ was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2015 until in or around April 2017.

50. Plaintiff JEISSON BENITEZ SANCHEZ was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around June 2015 until in or around April 2017.

51. Plaintiff JEISSON BENITEZ SANCHEZ worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around June 2015 until in or around April 2017.

52. Plaintiff JEISSON BENITEZ SANCHEZ was paid by Defendants approximately $850.00 per week from in or around June 2015 until in or around December 2015, approximately $880.00 per week in or around 2016, and approximately $900.00 per week from in or around January 2017 until in or around April 2017.

53. Although Plaintiff JEISSON BENITEZ SANCHEZ worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Plaintiff JEXSAR RODAS MALDONADO was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around March 2015 until in or around February 2017.

55. Plaintiff JEXSAR RODAS MALDONADO was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around March 2015 until in or around February 2017.

56. Plaintiff JEXSAR RODAS MALDONADO worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around March 2015 until in or around February 2017.

57. Plaintiff JEXSAR RODAS MALDONADO was paid by Defendants approximately $1,100.00 per week from in or around March 2015 until in or around February 2017.

58. Although Plaintiff JEXSAR RODAS MALDONADO worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Plaintiff LUIS ESPINOZA was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around November 2013 until in or around September 2017.

60. Plaintiff LUIS ESPINOZA was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around November 2013 until in or around September 2017.

61. Plaintiff LUIS ESPINOZA worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around November 2013 until in or around September 2017.

62. Plaintiff LUIS ESPINOZA was paid by Defendants on average $500.00 per week from in or around November 2013 until in or around December 2014, on average $720.00 per week in or around 2015, and on average $900 per week from in or around 2016 until in or around September 2017.

63. Although Plaintiff LUIS ESPINOZA worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay

8

Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Plaintiff DIEGO FAREZ was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2017 until in or around February 2018.

65. Plaintiff DIEGO FAREZ was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around June 2017 until in or around February 2018.

66. Plaintiff DIEGO FAREZ worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around June 2017 until in or around February 2018.

67. Plaintiff DIEGO FAREZ was paid by Defendants approximately $1,080.00 per week from in or around June 2017 until in or around February 2018.

68. Although Plaintiff DIEGO FAREZ worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

69. Plaintiff GEORGE GEBRON was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2015 until in or around March 2017.

70. Plaintiff GEORGE GEBRON was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around June 2015 until in or around March 2017.

71. Plaintiff GEORGE GEBRON worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around June 2015 until in or around March 2017.

72. Plaintiff GEORGE GEBRON was paid by Defendants approximately $1,200.00 per week from in or around June 2015 until in or around March 2017.

73. Although Plaintiff GEORGE GEBRON worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

74. Plaintiff RUSTLER PANTALEON was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around July 2015 until in or around October 2017.

75. Plaintiff RUSTLER PANTALEON was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around July 2015 until in or around October 2017.

76. Plaintiff RUSTLER PANTALEON worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around July 2015 until in or around October 2017.

77. Plaintiff RUSTLER PANTALEON was paid by Defendants approximately $1,100.00 per week from in or around July 2015 until in or around October 2017.

78. Although Plaintiff RUSTLER PANTALEON worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Plaintiff RIGOBERTO GUALLPA was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around April 2010 until in or around August 2014.

80. Plaintiff RIGOBERTO GUALLPA was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around February 2013 until in or around August 2014.

81. Plaintiff RIGOBERTO GUALLPA worked approximately sixty-six (66) hours or more per week at PHOENIX SUTTON STR. INC. from in or around February 2013 until in or around August 2014.

82. Plaintiff RIGOBERTO GUALLPA was paid by Defendants approximately $1,300.00 per week from in or around February 2013 until in or around August 2014.

83. Although Plaintiff RIGOBERTO GUALLPA worked approximately sixty-six (66) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Plaintiff CARLOS ORTIZ was employed by Defendants at PHOENIX SUTTON STR. INC. currently located at 128 Sutton Street, Brooklyn, New York 11222 from in or around June 2013 until in or around March 2018.

85. Plaintiff CARLOS ORTIZ was employed by Defendants as a scaffolder, construction worker, and laborer, while performing other miscellaneous tasks, at PHOENIX SUTTON STR. INC., currently located at 128 Sutton Street, Brooklyn, New York 11222, from in or around June 2013 until in or around March 2018.

86. Plaintiff CARLOS ORTIZ worked approximately sixty (60) hours or more per week at PHOENIX SUTTON STR. INC. from in or around June 2013 until in or around March 2018.

87. Plaintiff CARLOS ORTIZ was paid by Defendants approximately $1,000.00 per week from in or around June 2013 until in or around December 2014, and approximately $1,200.00 per week from in or around January 2015 until in or around March 2018.

88. Although Plaintiff CARLOS ORTIZ worked approximately sixty (60) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

89. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

90. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

91. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding

$100,000.  Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

92. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

93. Collective Class: All persons who are or have been employed by the Defendants as scaffolders, construction workers, laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

94. Upon information and belief, Defendants employed over 100 employees within the past three years subjected to similar payment structures.

95. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

96. Defendants' unlawful conduct has been widespread, repeated, and consistent.

97. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

98. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

99. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

100. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

101. The claims of Plaintiffs are typical of the claims of the putative class.

102. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

103. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

106. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

107. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

108. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

109. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

110. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

111.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

113.   Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

114.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

115.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116.   Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

117.   Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

118.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

120. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs' unpaid overtime wages;

    c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    d. Awarding Plaintiffs prejudgment and post-judgment interest;

    e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

    f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This _7_ day of May, 2019.
       Kew Gardens, New York

By: _____
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*